**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD BRISTOW** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 13-1247** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, PENNSYLVANIA** | : | |
| **LIQUOR CONTROL BOARD** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                              December 18, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Plaintiff Edward Bristow ("Plaintiff") filed a complaint against his former employer, the Pennsylvania Liquor Control Board ("Defendant") seeking redress averring counts of reverse racial discrimination in violation of federal and state rights. Presently, before this Court is Defendant's *motion for summary judgment* filed pursuant to Federal Rule of Civil Procedure (Rule) 56, seeking to dismiss the amended complaint, [ECF 28]; a motion Plaintiff opposes. [ECF 33].

The issues presented in the motion have been fully briefed and are ripe for disposition. For the reasons stated herein, the motion for summary judgment is granted.

### BACKGROUND

Plaintiff filed an initial complaint on March 8, 2013, [ECF 1], and an amended complaint on June 27, 2013. [ECF 14]. In the amended complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, and under the Pennsylvania Human Relations Act, (the "PHRA"), 43 Pa. Con. Stat. §951, *et seq.*, contending

that Defendant failed to promote him on two separate occasions because of his race. Defendant filed a motion to dismiss the amended complaint on July 3, 2013, [ECF 16], which Plaintiff opposed. [ECF 17]. By Order dated September 30, 2013, this Court granted, *in part*, Defendant's motion and dismissed Plaintiff's claims premised on Defendant's alleged failure to promote him in 2006, and denied the motion with respect to his 2011 failure to promote claim. [ECF 22].

On April 28, 2014, Defendant filed the instant motion for summary judgment which Plaintiff opposes. When deciding this motion for summary judgment, the following is a summary of the relevant facts:[1]

> Plaintiff, a Caucasian male, has been an employee of the Pennsylvania Liquor Control Board (Defendant) since September 1986. Sometime in 2006, Plaintiff applied for a promotion to a maintenance foreman position with Defendant, and was not selected. The position was instead given to Ron Fulton ("Fulton"), an African American male. The decision to promote Fulton was made by Charles Myles ("Myles"), an African American, who is the Building Maintenance Supervisor for Region 1.

> Another vacancy for a Building Maintenance Foreman position became available in 2011. Myles and Rhett Brennan ("Brennan"), a Caucasian and Director of the Bureau of Property Management and Maintenance, interviewed five (5) candidates, including Plaintiff, William Cuadrado ("Cuadrado") and William Patterson[2] ("Patterson"). The job classification for each of the five (5) candidates was that of Maintenance Repairman 2 ("MR-2"), each had significant work experience, and four (4) of the five (5) candidates (including, Plaintiff and Cuadrado) had received commendable ratings on their employer performance evaluations.

---

[1] For purposes of Defendant's motion for summary judgment, this Court construes the facts and evidence in the light most favorable to the non-movant, Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[2] In his deposition, Brennan refers to Mr. Patterson as William Patterson, though Defendant refers to him in its motion as Earl.

At the conclusion of the interviewing process, Myles and Brennan discussed their impressions of each candidate and ranked them; *i.e.* Cuadrado (a Hispanic male) and Patterson (an African American male), were ranked as the top two (2) candidates and Plaintiff was ranked third. Cuadrado was ultimately selected for the foreman position by Myles. According to both Myles and Brennan, Cuadrado had performed better during his interview than Plaintiff and had demonstrated greater leadership and supervisory abilities.

As part of his supervisory duties, Myles has been involved in promoting six (6) individuals to the position of foreman. These promotions included three (3) Caucasians previously classified as MR-2 employees. Plaintiff had been a candidate for two (2) of the hiring actions in which a Caucasian MR-2 was promoted.

On October 6, 2011, Plaintiff filed a discrimination charge against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission (the "EEOC") alleging reverse racial discrimination, and with the Pennsylvania Human Relations Commission (the "PHRC"). On December 14, 2012, the United States Department of Justice issued a Notice of Right to Sue.

**LEGAL STANDARD**

Rule 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). This burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 476 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex,* 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

## DISCUSSION

In the amended complaint, Plaintiff avers that Defendant violated Title VII and the PHRA when it engaged in reverse discrimination in 2011 and chose to promote Cuadrado, a Hispanic candidate, to the foreman position over him. Under the provisions of Title VII and the PHRA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race . . . ." 42 U.S.C. §2002e-2(a)(1);

43 Pa. C.S. §951 *et seq.*[3] Defendant moves for summary judgment on Plaintiff's Title VII and PHRA claims on the grounds that Plaintiff has not made a *prima facie* case of race discrimination and has otherwise failed to show that Defendant's legitimate, nondiscriminatory reasons for not promoting Plaintiff are a pretext for reverse race discrimination.

Plaintiff's race discrimination claims under Title VII are governed by the burden-shifting framework set forth in *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). *See Greer v. Mondelez Global, Inc.,* __ F.App'x __, 2014 WL 5351829, at *1 (3d Cir. 2014). Under the *McDonnell Douglas* framework, a plaintiff must first make a *prima facie* case of race discrimination under Title VII by producing evidence to show that: (1) he is a member of a protected class, (2) he is qualified for the job which he sought to attain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of discrimination. *Id.* at *2.

When a plaintiff bringing a race discrimination claim under Title VII is not a member of a racial minority and is, instead, asserting a claim for "reverse discrimination," such as Plaintiff, the *prima facie* framework is modified such that he must: (1) "present[] sufficient evidence to allow a reasonable factfinder to conclude (given the totality of the circumstances) that the defendant treated plaintiff less favorably than others because of [his] race," and (2) that he has suffered an adverse employment action. *Iadimarco v. Runyon*, 190 F.3d 151, 163 (3d Cir. 1999); *see also Coulton v. University of Pennsylvania*, 237 F.App'x 741, 747 (3d Cir. 2007).

Here, once Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to Defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If Defendant satisfies this phase, the burden shifts

---

[3] PHRA claims are to be analyzed under the same standards as claims brought under Title VII. *Grande v. State Farm Mut. Auto Ins. Co.*, 83 F.Supp.2d 559, 562 (E.D. Pa. 2000).

5

back to Plaintiff to prove that the legitimate reason(s) offered by Defendant are merely a pretext for discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 804-05 (3d Cir. 1994). To make a showing of pretext, Plaintiff must provide evidence "from which a fact-finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* at 764.

Under *Fuentes*, Plaintiff must "present evidence contradicting the core facts put forth by Defendant, the employer, as the legitimate reasons for its decision." *See Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005). Plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Fuentes*, 32 F.3d at765. *Fuentes* further requires Plaintiff to present evidence that suggests that unlawful discrimination was more likely than not a motivating or determining factor in Defendant's decision to not promote him. That is, Plaintiff must do more than show that Defendant's proffered reason was wrong or mistaken. He must demonstrate that Defendant acted with discriminatory animus. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 283 (3d Cir. 2001). Plaintiff can meet this burden by pointing to evidence "that the employer has previously discriminated against her, that the employer has discriminated against other persons within the plaintiff's protected class or within another class, or that the employer has treated more favorably similarly situated persons not within the protected class." *Simpson v. Kay Jewelers*, 142 F.3d 639, 645 (3d Cir. 1998). Where a plaintiff presents evidence of similarly situated non-class members to sustain his burden at the pretext stage, he must show with some specificity that the comparators were more favorably treated. *Id.* at 646.

6

Initially, Plaintiff takes issue with Defendant's submission of and reliance on three affidavits attached to the motion. This objection is without merit. Rule 56 specifically contemplates and allows a movant to submit and rely upon affidavits to show the absence of a genuine issue of material fact. *See* Rule 56(c). "Once the moving party has supplied sufficient affidavits in support of its motion, the opposing party must respond by supplementing the record in some manner – whether by its own affidavits or otherwise – setting forth specific facts demonstrating that there is a genuinely disputed factual issue for trial." *Fireman's Insurance Company of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Thus, to overcome a motion for summary judgment, Plaintiff must "go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). Where a non-movant fails to oppose a motion for summary judgment with affidavits and other evidence, the court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990); *see also* Rule 56(e)(2).

Here, Plaintiff makes little, if any, attempt to refute Defendant's affidavits and/or other evidence with his own affidavits or evidence. While Plaintiff "denies" most of the facts set forth in Defendant's *Statement of Undisputed Facts*, he does not cite to evidence nor has he provided affidavits to show that the facts are genuinely disputed. As an example, in Plaintiff's opposition brief, [ECF 33], rather than provide a counter-statement of facts, Plaintiff merely "incorporates by reference [his] Answer to Defendant's Statement of Facts." [ECF 33-1]. When reviewing Plaintiff's Answer to Defendant's Statement of Facts, however, these do not provide any facts to support his contentions. Plaintiff merely denies those facts set forth in Defendant's Statement of

Undisputed Facts and baldly states that Defendant's cited deposition testimony and affidavits "speak for themselves." Because Plaintiff has failed to refute Defendant's proffered evidence, including the facts set forth in Defendant's submitted affidavits, this Court may, and will, construe Defendant's proffered facts as admitted.

To meet his burden of reverse race discrimination under the modified *McDonnell Douglas* framework, Plaintiff relies solely upon the following: the fact that Plaintiff is "unquestionably a long-term employee who has been skilled enough in his positions to remain with PennDOT [sic] over twenty ("20") years;" the testimony of Myles that seniority was a "very serious" consideration in deciding whether to promote Plaintiff; the testimony of Myles and Brennan that Plaintiff was qualified for the position of foreman; and the fact that in 2006, an African American, Ron Fulton, was promoted to foreman over Plaintiff by Myles, who is also an African American. However, this evidence when considered in conjunction with the uncontested evidence presented by Defendant falls far short of that necessary for a "reasonable factfinder to conclude (given the totality of the circumstances) that the defendant treated plaintiff less favorably than others because of [his] race." *Iadimarco*, 190 F.3d at 163.

Briefly, as to the events surrounding the 2011 promotion, the evidence presented by Defendant (to which Plaintiff has failed to respond with contrary evidence), shows that Plaintiff was one of five employees considered for promotion to the foreman position. Each of the candidates had significant work experience, and four of the five candidates (including, the selected candidate and Plaintiff) had received commendable ratings on their employee performance evaluations. Because of the comparable work experiences among the applicants, the interview process took on a particular significance to Defendant's selection process and decision. During the interview process, each candidate was asked the same questions and the

8

answers were noted by Myles and Brennan. Following the interviews, these individuals met and discussed their impressions of each candidate. The interview questions were posed to evaluate the candidate's leadership abilities, including planning and executing, and motivating and managing others. Both Myles and Brennan ranked Cuadrado and another candidate, Patterson, as the top two candidates, and ranked Plaintiff as their third choice. The selection decision was reviewed by a member of the Human Resources Department to ensure compliance with the selection process. Based on their collective opinions, Cuadrado was selected for promotion. In addition, Defendant offered evidence that on three (3) of the six (6) occasions that Myles, the selecting official, participated in a decision to promote an employee to a foreman position, the position was filled by a Caucasian.

Although Plaintiff cites to the fact that he has been employed with Defendant for 20 years, he presents no evidence to show that he was more experienced and/or more qualified than either of the two candidates, Cuadardo and Patterson, which Myles and Brennan ranked ahead of him for the foreman position. Further, though Myles, an African American, decided to hire Fulton, an African American, over Plaintiff for the foreman position in 2006, and selected Cuadardo, a Hispanic, over Plaintiff for the foreman position in 2011, the Third Circuit Court of Appeals has expressly held that the race of the individual responsible for a hiring decision is "insufficient to establish a *prima facie* case of discrimination without more." *Iadimarco*, 190 F.3d at 156; *see also Coulton v. University of Pennsylvania*, 237 F.App'x 741, 747-48 (3d Cir. 2007). As such, the fact that Myles is African American and Plaintiff is Caucasian is insufficient to make a *prima facie* case of discrimination, without more. Plaintiff has failed in his burden. Notably, Cuadardo was selected over Patterson, an African American, for the 2011 foreman position.

9

In light of the totality of the uncontradicted or rebutted evidence presented by Defendant, this Court finds that Plaintiff has failed to present "sufficient evidence to allow a reasonable factfinder to conclude that Defendant treated Plaintiff "less favorably than others because of [his] race." *Iadimarco*, 190 F.3d at 163.

### No Evidence of Pretext

Even if Plaintiff had established a *prima facie* case of unlawful reverse discrimination, Defendant is still entitled to judgment because Plaintiff has failed to present evidence from which a reasonable factfinder could conclude that Defendant's proffered legitimate non-discriminatory reasons for not promoting him to the foreman position in 2011 were pretextual. To overcome Defendant's stated reasons for not promoting him, Plaintiff must present evidence that could lead a reasonable factfinder to either: (1) disbelieve Defendant's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of Defendant's actions. *Fuentes*, 32 F.3d at 764. In his response to Defendant's motion, however, Plaintiff does not address, let alone present, any evidence to refute Defendant's proffered non-discriminatory reasons for its adverse employment decision.

Here, Defendant has stated that the reason for not selecting Plaintiff for the foreman position was the fact that the two other applicants, Cuadrado and Patterson, with similar work experience, had performed better during the interview process and had demonstrated superior leadership abilities. The qualifying aspect of the candidates was done by two supervisors, one African American and the other Caucasian. In light of the complete lack of evidence or argument to refute Defendant's articulated legitimate non-discriminatory reasons, Plaintiff has failed to meet his summary judgment burden of providing evidence "from which a factfinder

10

could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* As such, the record contains no evidence from which a reasonable factfinder could determine that Defendant's proffered reasons for the adverse employment action were a mere pretext for invidious discrimination.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

11